IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

EDWIN J. BUNCH,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

CV 07-6056-ST

FINDINGS AND
RECOMMENDATION

STEWART, Magistrate Judge:

Before the court is plaintiff's Unopposed Motion for Attorney's Fees Pursuant to 42 USC

§ 406(b) (docket #34). Based on the factors established by *Gisbrecht v. Barnhart*, 535 US 789

(2002), and explained in *Crawford v. Astrue*, 586 F3d 1142 (9th Cir 2009) (*en banc*), the motion

1 - FINDINGS AND RECOMMENDATION

should be granted and fees awarded in the amount of $7,534.25.

## **BACKGROUND**

Bunch alleged that he suffers from a disability based on a combination of impairments. On May 19, 2006, the Administrative Law Judge ("ALJ") denied his request for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 USC §§ 401-34, 1381-83f.  The ALJ determined that Bunch did not qualify as disabled because he suffered only "mild cognitive functional decline" and possessed the residual functional capacity ("RFC") to perform his past relevant work as a material expediter.  The Appeals Council denied Bunch's request for review based on new evidence and affirmed the ALJ's decision, rendering the ALJ's decision the Commissioner's final decision.

On March 16, 2007, Bunch filed this lawsuit seeking judicial review of that decision.  He maintained that his mental limitations entirely preclude him from all work, entitling him to an award of benefits.  He argued that the ALJ erred by:  (1) failing to fully credit the opinion of his treating physician; (2) finding his testimony less than fully creditable; (3) ignoring the lay witness testimony submitted in support of his claim; and (4) posing a faulty hypothetical to the VE.  In addition, he argued that the Commissioner erred by failing to properly consider the new medical evidence submitted in support of his petition for review to the Appeals Council.

On June 19, 2008, this court issued its Findings and Recommendation, concluding that based on the additional evidence submitted to the Appeals Council, the Commissioner's decision should be reversed and remanded for further proceedings.  No party filed objections to the Findings and Recommendations.  On July 24, 2008, District Judge Ancer Haggerty adopted the

Findings and Recommendation and entered a judgment reversing the decision of the Commissioner and remanding this case for further proceedings.

On August 8, 2008, Bunch's attorney submitted a Stipulated Application for Fees Pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $6,747.50. *See* 28 USC § 2412. Congress enacted the EAJA in 1980 to permit recovery of attorney fees in those cases where "the Government's position in the litigation was not 'substantially justified.'" *Gisbrecht*, 535 US at 796, citing 28 USC § 2412(d)(1)(A). EAJA fees are determined by the time spent with the attorney's hourly rate capped at $125.00. *Gisbrecht*, 535 US at 796, citing 28 USC § 2412(d)(2)(A). On August 11, 2008, the court issued an Order granting that application and awarding EAJA attorney fees in the full amount requested of $6,747.50.

On November 30, 2009, the Commissioner advised Bunch that it would pay him past-due benefits of $30,137.00 for the time period from February 2005 through October 2009.

On January 15, 2010, Bunch's attorney filed his unopposed motion for attorney fees under 42 USC § 406(b),[1] seeking $7,534.25 for his work performed in this case minus the EAJA fees of $6,747.50, for a total award of $786.75. In Social Security cases, attorney fees may be awarded under both the EAJA and § 406(b), but "an EAJA award offsets an award under Section 406(b)." *Gisbrecht*, 535 US at 796.

According to his contingent fee agreement, Bunch agreed to pay his attorney the lesser of 25% of past-due benefits received or $5,300.00 for representation before the agency, and, in addition, the greater of 25% of past-due benefits or EAJA fees for work in federal court. Bunch's counsel seeks a fee of $7,534.25, which is 25% of Bunch's past-due benefit award.

---

[1] In attorney fee motions under § 406(b), the real party in interest is the attorney, not the claimant. *Gisbrecht*, 535 U.S. at 798 n.6.

3 - FINDINGS AND RECOMMENDATION

## FINDINGS

Pursuant to 42 USC § 406(b), "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." In *Gisbrecht,* the Supreme Court instructed the lower courts to award fees under § 406(b) by looking first to the contingent fee agreement and then "testing it for reasonableness." *Gisbrecht*, 535 US at 808. Courts may reduce a fee based on "the character of the representation" and the "results the representative achieved." *Id.* Reduction also is proper if the attorney is responsible for delay in the court proceeding which increased the period of time over which past-due benefits are awarded and where the "benefits are large in comparison to the amount of time counsel spent on the case" to avoid "windfalls" to attorneys. *Id*.

Since *Gisbrecht*, the lower courts have attempted to apply its standards without producing uniformity. *See Ellick v. Barnhart*, 445 F Supp2d 1166, 1168-72 (CD Cal 2006) (discussing extensive survey of "decisions applying *Gisbrecht* to section 406(b) fee requests"). Recently, the Ninth Circuit in *Crawford* determined that the district courts had not followed *Gisbrecht* by awarding fees under § 406(b) "significantly lower" than requested. *Crawford*, 586 F3d at 1144. The Ninth Circuit faulted the district court for premising the analysis on the lodestar method rather than on the "'primacy of lawful attorney-client fee agreements.'" *Id* at 1150, quoting *Gisbrecht*, 535 US at 793. Reiterating *Gisbrecht's* directive, the Ninth Circuit stated that the courts must assure the reasonableness of Social Security case fee awards by beginning with the fee agreement and then determining whether that amount should be reduced, and not deciding "whether the loadstar [*sic*] amount should be enhanced." *Id.* It also added

4 - FINDINGS AND RECOMMENDATION

complexity and risk as factors to be considered in determining a § 406(b) fee award.

Recently, Magistrate Judge Acosta thoroughly analyzed the applicable legal standards, concluding that:

> *Crawford* improved upon *Gisbrecht's* standard by acknowledging that lower courts should consider risk when determining the appropriate amount of § 406(b) attorney fees, but *Crawford* did not provide trial court judges with clearer guidance for determining the reasonableness of these fee requests. . . . Thus, in the wake of *Gisbrecht* and *Crawford*, ambiguity remains as to the precise standard for assessing reasonableness, including the weight a court may give the lodestar factors, when evaluating a request for § 406(b) attorney fees.

*Dunnigan v. Astrue*, Case No. 07-1645, Findings and Recommendation by Judge John V. Acosta dated Dec. 23, 2009 (docket # 45), pp. 16-17.

The first step in the *Gisbrecht* analysis is to look to the contingent fee agreement.  Here, Bunch's contingent fee agreement attorney does not exceed § 406(b)'s 25% ceiling.

The next step is to determine the reasonableness of the fee sought.  Applying the *Gisbrecht* factors, as interpreted by *Crawford*, the court finds that Bunch's attorney has adequately demonstrated that a 25% fee is reasonable.

 *Crawford* directed that the court consider the risk of taking the specific case at issue. Here the Commissioner contested Bunch's appeal which raised issues concerning treating and examining physician opinions, the propriety of submitting evidence to the Appeals Council and the weight given to such evidence, the rejection of Bunch's complaints, the rejection of lay witness testimony and whether the ALJ's decision was based upon substantial evidence. Because these issues were intensely factual, the risk of non-payment was high.

None of the reasons given in *Gisbrecht* for reducing the fee apply here.  Bunch's attorney demonstrated the competency and familiarity expected based on his years of experience

5 - FINDINGS AND RECOMMENDATION

representing Social Security claimants.  The briefing on the merits was useful with accurate and relevant citations to the administrative record and appropriate legal authority.  Since a reduction may be taken only for substandard performance, no reduction is warranted under this factor.

Although Bunch did not achieve his goal of a remand for the payment of benefits, his attorney won a remand for further proceedings, resulting in an eventual award of past-due benefits to Bunch.  Therefore, no reduction is warranted based on the result achieved.

With respect to delaying the court proceedings, Bunch's attorney made three requests for extensions of time for a total of 125 days.  The first unopposed extension for 60 days was based on a heavy workload and scheduled vacation (docket # 15).  The second unopposed extension of 60 days was based on a heavy workload, as well as health problems (docket # 18).  The third unopposed extension of five days was requested due to ongoing health issues (docket # 21).  No evidence in the record suggests that any of these requests was intended to delay the proceedings in this case.

The next factor is whether the benefits to be awarded are large in comparison to the time Bunch's attorney spent on this case.  To aid the court in determining the reasonableness of the fee, Bunch's attorney submitted his itemized time records.  According to those time records, Bunch's two attorneys spent a total of 39.35 hours on this case.  Reviewing the time records, this court concludes that the number of total hours is not inherently unreasonable.  In comparison to the benefits awarded, the amount of time spent on the case does not produce a windfall to Bunch's attorney.

The court's fee award here results in an effective hourly rate of $191.46.  This amount is less than both the $242.00 average and $222.00 median hourly rate for all attorneys in Portland

6 - FINDINGS AND RECOMMENDATION

in private practice in the "other" category according to the Oregon State Bar 2007 Economic

Survey.  In fact, this effective hourly rate places Bunch's attorney in approximately the 25th

percentile in this category.  Under a traditional lodestar approach, the effective hourly rate

resulting from this award is squarely within the reasonable range.

## RECOMMENDATION

Plaintiff's Unopposed Motion for Attorney Fees Pursuant to 42 USC § 406(b) (docket

# 34) should be GRANTED in the sum of $7,534.25, less the EAJA fee of $6,747.50, for a total

award of $786.75.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if

any, are due February 25, 2010.  If no objections are filed, then the Findings and

Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a

copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings

and Recommendation will go under advisement.

DATED this 8th day of February, 2010.


s/  Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge


7 - FINDINGS AND RECOMMENDATION